Hayden v. Robinson & Co.

---

CASE 85—PETITION EQUITY—FEBRUARY 23.

# Hayden v. Robinson & Co.

APPEAL FROM HENRY CIRCUIT COURT.

| 83 | 615 |
| 138 | 795 |

1. WHILE THE HOMESTEAD RIGHT MAY BE WAIVED by a conveyance by husband and wife purporting to convey the whole estate, and which contains no limitation, either in the deed itself or in the certificate of the feme's acknowledgment, yet if it appears, either in the deed or the certificate, that the wife only released her dower, it will not be a waiver of the homestead.

2. A DEFENDANT ENTITLED TO A HOMESTEAD may by proper proceedings, even after a judicial sale in an action to which he was a party, have it or the proceeds, not exceeding one thousand dollars, set apart to him.

3. WHERE A DEBTOR WHO IS OCCUPYING TWO TRACTS OF LAND AS A HOMESTEAD EXECUTES A MORTGAGE UPON ONE of them and occupies as a homestead the other tract of greater value than one thousand dollars, upon which is situated the dwelling-house, he thereby elects to claim as his homestead the tract not mortgaged, and can not afterward claim a homestead in the mortgaged tract upon the ground that the mortgage contains a release by the wife of her dower only.

In this case appellant occupied as a homestead two lots, upon both of which was a vendor's lien. He mortgaged one of them, retaining and occupying as a homestead the other tract upon which was situated the dwelling-house. In an action to enforce the liens the lot on which the dwelling-house was situated brought less than the amount necessary to pay the vendor's lien, and a part of the money derived from the sale of the mortgaged lot had to be applied for that purpose, leaving less than a thousand dollars with which to pay the mortgage debt. That amount the appellant asks to have set apart to him as the proceeds of his homestead.

*Held*—That he is not entitled to a homestead as against the mortgage. By mortgaging one lot and retaining the other he elected to claim as his homestead the lot not mortgaged, and must be held to that choice.

MASTERSON AND CARROLL FOR APPELLANT.

1. The deed declared on as a mortgage does not pass appellant's homestead. The words " Mrs. Hayden hereby conveys to the second party her dower in the property hereby conveyed," are words of limitation entitled to full meaning and effect (Spurrier, &c., v. Parker, &c., 16 B. M., 280; Churchill v. Reamer, 8 Bush, 260), and can only be construed to mean that Mrs. Hayden conveyed her dower but not the homestead. (Wing v. Hayden, 10 Bush, 276; Herbert v. Kenton B. & S. Association, 11 Bush, 304.)

2. The homestead exemption not being waived in the manner pointed out by the statute, appellants are not divested of it by the judgment of the court or the confirmation of the sale. (Wing v. Hayden, 10 Bush, 276; McGrath, &c., v. Berry, 13 Bush., 391; Crout v. Santer, *Ibid.*, 442.)

3. Appellants not having conveyed their homestead, and not being divested of it by the judgment of the court, the facts stated in appellant's answer are sufficient to entitle him to a homestead as against appellee's claim, and the court erred in sustaining the demurrer. (McTaggart v. Smith, &c., 14 Bush, 415; Schmidt v. Oliges, 6 Ky. Law Rep., 296.)

Hayden v. Robinson & Co.

CARROLL & BARBOUR FOR APPELLEES.

1. Where the wife unites with the husband in a conveyance of his land, and they by apt terms convey an absolute fee-simple title, the mere fact that the wife in a subsequent clause of the deed expressly conveys. her right of dower will not prevent the homestead from passing. It is only where it appears that the wife united in the conveyance *solely* for the purpose of relinquishing dower that the homestead. does not pass. (Vaugh v. Owsley, 3 Ky. Law Rep., 249; Robbins v. Cookendorfer, 10 Bush, 629; Sutton v. Puckett, 2 Ky. Law Rep., 319; Owens v. Spratt & Co., 1 Ky. Law Rep., 265; Gaddie v. Hodges, 5 Ky. Law Rep., 241; Herbert v. Kenton Building Asso., 11 Bush, 304; Wing v. Hayden, 10 Bush, 280; McGrath v. Berry, 13 Bush, 392; Moss v. Hall, 3 Ky. Law Rep., 89.)

2. A homestead exemption is not an estate in the wife; it is simply a right given by the law to a debtor to claim the home as exempt from his debts. (Brame v. Craig, 12 Bush, 404; Pribble v. Hall, 13 Bush, 66.)

3. After the judgment, sale, and confirmation of sale and the possession awarded, it is too late for appellant to set up his claim to a homestead in the land which was the subject of the action. (Harpending v. Wylie, &c., 13 Bush, 160; Boyer v. Lincoln, 3 Ky. Law Rep., 537; Queene v. Phillips, *Ibid.*, 470; Ireland v. Pugh, 4 Ky. Law Rep., 252.)

4. Appellant by selling or mortgaging the 22½ acre tract elected not to claim a homestead therein, and, therefore, can not assert such a claim merely because the tract which he did elect to claim as a homestead has been consumed in paying the vendor's lien. This is unlike the case of Bennett v. Baird, 5 Ky. Law Rep., 636. (Jarboe v. Colvin, 4 Bush, 70; Franks v. Lucas, 14 Bush, 396.)

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

In 1877, W. B. Oldham, now deceased, sold and conveyed to appellant two tracts of land for one thousand four hundred dollars paid, and one thousand nine hundred and sixty dollars to be paid, one of them lying in and near to the town of New Castle, containing twenty-two and one-half acres, and the other having upon it a dwelling-house, lying wholly inside the limits of the town.

In 1882, appellant, for the recited consideration of nine hundred dollars, conveyed the tract of twenty-

two and one-half acres to appellees, who afterwards brought this action to recover personal judgment on certain notes executed to them by appellant and another, and subject the tract of land to the satisfaction of their debts, it being alleged in the petition, and not controverted, that it was the agreement and understanding of the parties at the time it was executed that the deed of 1882 was to be considered and treated as a mortgage to secure the payment of the notes sued on.

The administratrix of Oldham being made a party, filed her answer, which was made a cross-petition against appellant, and at the April term, 1883, of the court personal judgment was rendered in her favor against appellant for the balance due of the purchase price of the two tracts of land, and in favor of appellees for their debts, then amounting to one thousand one hundred dollars, and at the same time the two tracts of land were directed to be sold, and the proceeds applied first to pay the purchase-money due Oldham's estate, and the residue to appellees' debts.

At the sale, a report of which was made by the commissioner, and confirmed by the court at the October term, 1883, the lot on which was situated the dwelling-house brought the sum of one thousand eight hundred and ninety dollars, which was, however, less than the amount necessary to pay the Oldham debt, and a part of the money derived from the sale of the other lot had to be applied for that purpose, leaving six hundred and ten dollars only with which to pay the mortgage debt of appellees.

At the same term an order was made awarding a writ of possession in favor of appellees, who purchased both lots at the judicial sale.

At the April term, 1884, appellant filed an answer and counter-claim, in which he stated that at the date of the mortgage to appellees in 1882, he was a *bona fide* housekeeper with a family, occupying the two lots as a homestead, the right to which he had not conveyed, or in any way released or waived, and prayed for an order requiring appellees to pay into court the sum of six hundred and ten dollars mentioned, to be reinvested in a homestead for his benefit, or to have set apart to him a homestead in the lot of twenty-two and one-half acres.

This is an appeal from the judgment sustaining a general demurrer to that answer and counter-claim.

It is well settled that a defendant entitled to a homestead may, by proper proceedings, even after a judicial sale in an action to which he was a party, have it or the proceeds, not exceeding in amount one thousand dollars, set apart to him. Appellant was consequently not precluded by the judgment and sale under it of the two lots from the recovery sought in his answer and counter-claim.

Appellant and his wife were both parties to, signed and acknowledged the deed made to appellees in 1882; but it contains the following clause: "The said Mary Hayden hereby conveys to said second party all her right to dower in the property conveyed."

It seems to us clear that the language quoted imports a limitation of the estate, or interest of the

wife conveyed by the deed, and the effect of it generally is determined by the rule stated in Wing v. Hayden, 10 Bush, 276, since adhered to by this court, as follows:

"The homestead right may be waived by a conveyance by husband and wife purporting to convey the whole estate, and which contains no limitation, either in the deed itself or in the certificate of the *feme's* acknowledgment; but if it appears, either in the deed or the certificate, that she only released her dower, it will not be a waiver of the homestead."

But the question arises here, not before passed on by this court, whether a debtor who mortgages one of two tracts or lots of land owned by him, retaining and occupying as a homestead the other, which is of greater value than one thousand dollars, can thereafter in any case reassert a right to and legally hold the first as a homestead to the prejudice of the mortgagee and purchaser at a judicial sale, upon the ground that the mortgage, though effectual in every other respect, contains a release by the wife of her dower only.

By section 10, article 13, chapter 38, General Statutes, a right is given to a defendant, the owner of land occupied as a homestead exceeding in value one thousand dollars, before a sale under execution, order of attachment or judgment of court, to have set apart to him such part thereof not exceeding that amount in value as he may select, and, as has been held by this court, he is not confined to the part on which the dwelling-house is situated, but may select any other part of it.

But by section 12 it is provided, that if in any such case the homestead exceeds in value the statutory limit, and is not susceptible of division without great diminution in value, it shall be sold, and the residue of the proceeds, after first paying that amount to the defendant with which to purchase another homestead, applied to payment of his creditors.

It will thus be perceived, that although it is the object of the law to exempt from coercive sale the homestead, yet the excess in value above the fixed amount is in every case made subject to the owner's debts, even when it becomes necessary to sell the whole in order to make the surplus available for that purpose.

But this is not a case contemplated or provided for in either of the two sections mentioned. On the contrary, appellant, before any sale of the property under execution, attachment or judgment of court, or the commencement of an action to obtain a sale, voluntarily mortgaged to appellees one of the tracts or lots described by a separate and distinct boundary, holding the title and possession of the other on which was situated the dwelling-house, that brought at the judicial sale one thousand eight hundred and ninety dollars, and which it is therefore fair to presume was, at the date of the mortgage, worth greatly more than one thousand dollars.

He was not at that time entitled to a homestead exemption in both lots, nor could he have claimed against a creditor more of either than was of the value fixed by law as the limit. But he had the

right to sell and convey any part or all of either or both, and having elected to mortgage the twenty-two and one-half acres, and to retain, occupy, and claim as his homestead the other lot, neither the letter of the homestead law would be violated nor the object of it defeated by holding him to that choice, especially when not to do so would unjustly prejudice the intervening rights of others. For being thus the owner and in possession of a homestead of the statutory value, he had and enjoyed the benefit of exemption to the full extent afforded by the homestead law, and the purpose of that law should be in this case regarded as to him satisfied. Nor can the limitation referred to in the mortgage relieve him; for only such homestead right as he had enured to his wife, and, consequently, her right, like his, was restricted to the lot which he elected to occupy and claim as his homestead, and her dower interest was all she had in the twenty-two and one-half acres, and that was relinquished.

It is true that there was an existing vendor's lien on both tracts at the time the mortgage was executed to appellees, and both were subsequently sold for the purpose of paying the purchase money; but it does not appear whether such sale was the result of the fault or misfortune of appellant, nor is it the subject of proper inquiry; for the homestead right of appellant, as well as the right acquired by appellees in virtue of the mortgage, was subordinate to the vendor's lien, and no fault can be imputed to them for the loss appellant permitted to fall on himself. On the contrary, the mortgage was

given and accepted upon the implied undertaking·
by appellant that he would pay the purchase money
and release the vendor's lien.

Judgment affirmed.