Stewart v. Thomson.

---

CASE 87—PETITION ORDINARY—MAY 24.

## Stewart v. Thomson.

### APPEAL FROM GREENUP CIRCUIT COURT.

1. EXEMPTIONS—CONFLICT OF LAWS.—Where a debtor residing in this State goes into another State for temporary purposes of business or pleasure, taking with him personal property which is exempt from execution or attachment under the laws of this State, but which is not exempt under the laws of the State into which it is taken, a creditor residing in this State has no right to follow him and subject the property, and if he does so the debtor is entitled to recover damages.

2. SAME.—The courts of this State have the power, and it is their duty, to enjoin citizens of the State within their jurisdiction from evading the laws of the State through the machinery of the law or courts of a foreign State.

3. SAME.—Exemption laws have no force beyond the territorial limits of the State enacting them, hence a citizen of one State when his property is levied on in another State can not plead with effect the exemption laws of his own State.

BENNETT & BENNETT FOR APPELLANT.

1. A creditor, who is a resident of this State, can not follow the property of his debtor, which is exempt from execution under the laws

of this State, into another State where it has been taken temporarily, and there subject it to the payment of his debt.

2. Where the exempt property of a resident of this State has been taken from him by such a proceeding on the part of his creditor, he is entitled to recover damages for such taking. (Woods v. Woods, 78 Ky., 624.)

3. The judgment of the Ohio court ordering a sale of the property of the appellant is void for want of jurisdiction over either the person or subject-matter. (4 Waite's Actions and Defenses, 193, 195; 6 *Idem*, 813, 819; 1 *Idem*, 45, 48.)

4. The appearance of the appellant in the Ohio court upon the trial of the attachment for the purpose of demanding his property from the officer and the appellee, did not give that court jurisdiction over either the person of appellant or his property.

The allegation of the appellant's petition that he appeared in the Ohio court for that purpose alone must be taken for true on demurrer. (General Statutes, ch. 38, pp., 571-573; Morgan v. Ballard, 1 Marshall, 558; Bush v. Madrin, 14 B. M., 231; Francis v. Burnett, 84 Ky., 32; Paxton v. Freeman, 6 J. J. M., 234; Moxley v. Ragon, 10 Bush, 158; Colter v. Jones, 7 B. M., 586; Myers v. Forsythe, 10 Bush, 394; Mulliken v. Winter, 2 Duvall, 257; Anthony v. Wade, 1 Bush, 112; Carrington v. Herrin, 4 Bush, 627; Johnson v. Farmers' Bank of Ky., 4 Bush, 286; Mitchell v. Mattingly, 1 Met., 240; Pettit v. Mercer, 8 B. M., 52; Fullenweider v. McWilliams, 7 Bush, 390; Oldham v. Bentley, 6 B. M., 431; Baker v. Grundy, 1 Duvall, 282; Ellis v. Kelley, 8 Bush, 631; Baugh v. Baugh, 4 Bibb, 556; Story on Conflict of Laws, secs. 586, 594, 597, 609.)

A. E. COLE & SONS FOR APPELLEE.

1. The appellant having appeared in the Ohio court and agreed to a continuance of the case against him, he is bound by the action of that court and can not afterwards object to the jurisdiction or complain in a Kentucky court of the action of the appellee in the Ohio court.

2. The courts of this State can not enjoin its citizens from proceeding with actions already begun in a foreign State. (Harris v. Pulliam, 84 Ill., 20; 25 Amer. Reports, 417.)

3. The petition of appellant was defective in failing to state facts from which it might be shown that his property, which was attached, was exempt under the laws of Kentucky, the mere statement that it was exempt being a conclusion only and, therefore, not sufficient. (Woods v. Woods, 78 Ky., 625; Cole v. Young, 24 Kans., 435; Byrne v. Sinnett, 13 Ky. Law Rep., 831; Civil Code, sec. 90.)

Stewart v. Thomson.

JUDGE GUFFY DELIVERED THE OPINION OF THE COURT.

This action was instituted in the Greenup Circuit Court by the appellant, Linsey T. Stewart, against the appellee, Volney E. Thomson. It is alleged, in substance, in the petition and amended petition, that the appellee on January 31, 1894, brought suit on a note held by him against John Stewart and the appellant as surety in the court of Volney Row, a justice of the peace in Scioto county, in the State of Ohio, and sued out an attachment against appellant's property in said State, and caused the same to be levied upon a span of mules, harness and a two-horse wagon, the property of appellant, and exempt from execution and attachment under the laws of Kentucky. That at the time of said levy he had gone with them to Portsmouth, Ohio, temporarily, to haul a load of goods, going there in the morning intending to return in the evening. That appellee knowing all the facts aforesaid and with a fraudulent intent to cheat and defraud appellant out of his exemption under the laws of Kentucky, and with intent to subvert and annul the laws of Kentucky, procured the attachment and caused the levy to be made as aforesaid. That said mules were worth $300. That at the time of the levy said property was claimed and held by him as exempt, under the laws of Kentucky; all of which was known to appellee, appellant being a citizen and resident within Kentucky with a family, and being his only team of work beasts, wagon and harness, exempt by the laws of Kentucky. That appellee was then, and for years before had been, a citizen and resident of the Commonwealth of Kentucky. That immediately after said levy he returned to Kentucky and sued out an injunction against appellee, enjoining him from proceeding with a sale of said property, but appellee in violation of said injunction proceeded with his action and caused the sale of said mules in

the State of Ohio, on the 20th of February, 1894, and applied the proceeds to the payment of said debt, viz., the sum of $212.

That appellant and appellee have been continuous residents and citizens of Greenup county, State of Kentucky, for years before the bringing of this action. That appellant has no property in Kentucky, subject to execution, and this fact induced appellee to perpetrate this fraud upon his rights. That the levy and sale was a great fraud upon his rights, by which he has been damaged in the sum of $500.

It appears that a demurrer was sustained to the petition after which appellant filed an amended petition in which it is averred that the said suit against him in Ohio was set for the 3d of February, 1894, and that he was there on that day for the sole and only purpose to demand from the officer and the defendant the restoration of said property as being his exempt property under the laws of Kentucky, and did in the presence of appellee and said Row make such demand from the constable, Wm. H. Williams, who had possession of said property by virtue of the attachment, which demand was refused by the officer and by appellee. That he did not claim the property as exempt under the laws of Ohio, as stated in official return of the officer; that he did not put in any defense to appellee's suit in Ohio, or submit himself to its jurisdiction, and upon refusal as aforesaid to restore him his property, he returned home to Kentucky and instituted suit in this court and sued out his injunction, which injunction was instituted 6th day of February, 1894.

Copy of the proceedings of the justice's court of Ohio and of the injunction are filed with petition.

A demurrer was sustained to the amended petition and petition as amended and petition dismissed by the court.

Appellant filed grounds and moved for new trial, which

motion was overruled by the court and appellant has appealed to this court.

Appellee suggests that appellant failed to show by proper averments that the mules in controversy were by the laws of Kentucky exempt from execution, but we think the allegations are sufficient. The petition does not show that there is any other suit pending between the parties, hence the special demurrer can not be sustained, but appellee insists that the judgment of the justice of the peace, directing the sale of the property and disallowing the exemption, is conclusive of appellant's right to recover in this action.

Courts of justices of the peace are courts of limited jurisdiction, and there is nothing in this record to show that the justice's court had jurisdiction of the sum claimed and recovered. (Wood v. Wood, 78 Ky., 627.) But appellant does not rely upon the want of jurisdiction in the justice's court, hence we need not notice that question further.

The important question involved in this appeal is, whether or not a citizen of this State, who is an insolvent debtor, may go into another State for the purposes incident to inter-state commerce, social intercourse or special business, without subjecting his property, exempt by the laws of this State, from execution and attachment, which he happens to take with him, to the payment of debts due another citizen of this State, who may be watchful enough to follow and attach such property, and the debtor have no redress.

It seems to us that the law will not allow a creditor to so evade and annul the laws of his own State.

Exemption laws have no force beyond the territorial limits of the State enacting the same, hence a citizen of one State when his property is levied on in another State can not plead with effect the laws of his own State, because the

general, if not universal, rule is that exemptions are allowed only to citizens of the State enacting such law, hence by the laws of Ohio the appellant could not legally claim the benefit of the law of Kentucky, or any exemption law of Ohio.

If the contention of appellee is to prevail it follows that any insolvent citizen of this State, who takes his property into another State for any purpose, or for any length of time, makes it subject to the demands of any creditor of this, State, and the same may be said of any citizen of another State who might chance to come into this State with his property.

The exact question under consideration has never been passed upon by this court, so far as we are aware, but the supreme courts of some other States have considered the question. We concur in that part of the opinion of the Superior Court in Byrne v. Sinnett, 13 Ky. L. R., 831, which says: "The weight of authority is that an injunction will lie by a citizen to restrain another citizen from instituting or prosecuting a suit in a foreign country or State, where the plaintiff in such suit is fraudulently attempting to evade the laws of this State by subjecting to the payment of his, debt property temporarily in the foreign State, when under the law of this State the property is exempt from seizure for his debt."

The Supreme Judicial Court of Massachusetts in Dehon, &c. v. Foster, &c., 4 Allen, 545, in an elaborate opinion, held that an injunction would lie to prevent a citizen of that State from subjecting by attachment a debt due in Pennsylvania to another citizen of Massachusetts, because the effect would be to give them an advantage over other creditors of the debtor, he having made an assignment.

Chief Justice Bigelow says in his opinion: "Inasmuch

as the defendants in the present case are citizens of and res-
idents in this Commonwealth there can be no doubt that
the jurisdiction of this court over them is plenary. . . . Nor
is the validity of the foreign law or of the lien acquired un-
der it in any manner called in question. . . . An act which
is unlawful and contrary to equity gains no sanction
or validity by the mere form or manner in which
it is done; it is none the less a violation of the law because it
is effected through the instrumentality of a process which is
lawful in a foreign tribunal."

The same case was again appealed to the court after final
hearing in the court below, and the injunction was made per-
petual.   7 Allen, 57.

The Supreme Court of New York in Vail v. Knapp, 49
Barbour 301, enjoined a citizen of New York from prosecut-
ing a suit in the court of Vermont.

The Supreme Court of Georgia, in Engel v. Scheuerman,
40 Ga., 209, sustained an injunction against Scheuer-
man, a citizen of Georgia, restraining him from collecting a
judgment obtained against Engel in the State of New York.
The jurisdiction of the court of New York to render the
judgment was not questioned, but it was claimed by Engel
that he had been sued in Georgia for the same debt and
judgment rendered for part of the claim, which judgment he
had paid off, and that Scheuerman had led him to believe by
word and act that the suit in New York then pending would
be abandoned, but instead of doing so, was about to collect
the judgment in New York off of Engel and his securities.
We quote as follows from the opinion delivered by Justice
Warner: "The States of the American Union, except for all
purposes as specified in the constitution of the United States,
are, in legal contemplation, foreign to each other.   The
courts of one State or country can not exercise any control

or superintending authority over those of another State or country, but they have an undoubted authority to control all persons and things within their own territorial limits. In such cases the courts do not pretend to direct or control the foreign court, but without regard to the situation of the subject matter of the dispute, they consider the question between the parties and decree *in personam.* Story's Equity Jurisprudence, Sec. 899. . . .

"In Cranstown v. Johnson, 3 Vesey, Jr., 183, the Master of the Rolls said: 'I will lay down the rule as broad as this: This court will not permit him [the defendant] to avail himself of the law of any other country to do what would be gross injustice.' . . .

"This bill is not filed for the purpose of restraining the proceedings of the court of New York; the courts of this State have no jurisdiction to do that. Nor would the courts of this State have jurisdiction to enjoin the enforcement of a judgment obtained in the courts of New York between citizens of that State, resident there. . . . There is a clear distinction as to the power and authority of a court of equity in this State to restrain by injunction the personal action of a citizen of this State. . . . In the language of the Master of the Rolls in Cranstown v. Johnson, this court will not permit the defendant to avail himself of the law of any other country to do what would be gross injustice."

The foregoing authorities establish clearly the power and duty of the courts to prevent citizens within their jurisdiction from evading the laws of such State by and through the machinery of the law or courts of a foreign State. In the case of Snooks v. Snetzer, 25 Ohio St., 516, almost the exact question in this case was decided by the Supreme Court of Ohio. Snooks was a creditor of Snetzer. The Baltimore

& Ohio Railroad Co. owed Snetzer a debt in West Virginia, which was by the laws of Ohio exempt from garnishment or attachment. Snooks instituted suit in West Virginia seeking to subject said indebtedness to the payment of his debt against Snetzer. Snetzer sued out an injunction in Ohio against Snooks to enjoin him from proceeding with his suit in West Virginia. Snooks disregarded the injunction and prosecuted the West Virginia suit to judgment and collected the debt. Snetzer then sued Snooks in the Ohio court to recover back the sum so subjected in the suit in West Virginia, and recovered judgment. Snooks appealed to the Supreme Court of Ohio, which court, after a careful and thorough consideration of the case and the authorities, affirmed the judgment.

It seems to us upon principle as well as authority that if the averments of appellant's petition are true, he is entitled to recover. The judgment of the court below is, therefore, reversed and cause remanded, with directions to overrule the demurrers and for further proceedings consistent with this opinion.