## Pinson v. Murphy.

(Decided June 10, 1927.)

Appeal from Pike Circuit Court.

1. Judgment.—Defendant in default judgment confesses only such allegations in pleading to which he fails to respond as are necessary to obtain particular relief sought.

2. Attachment.—Plaintiff may sequester defendant's property under attachment process before judgment, for purpose of maintaining status quo, and eventually subjecting property, if found legally subject to satisfaction of judgment obtained.

3. Exemptions.—Attachment process by plaintiff before judgment does not deprive defendant of his statutory exemption rights.

4. Exemptions.—Defendant, not responding to petition, in action on note, wherein his realty in state was attached, held not estopped to claim exemptions by confession of anticipatory allegation that he had no homested rights in realty, under law of state in which note was executed and delivered.

5. Pleading.—Averment of petition, in action on note, wherein defendant's realty was attached, that exemption laws of state in which note was executed and delivered superseded those of Kentucky, wherein action was brought and property located, held mere argument or conclusion.

6. Exemptions.—Exemption statutes have no extraterritorial application, and exemption rights under law of forum will be applied, though materially different from such rights under law of place where contract was made, or to be performed, or cause of action arose.

7. Exemptions.—Exemption statutes pertain to and form part of remedy only, as respects conflict of laws.

8. Action.—In matters relating to remedy, laws of forum will be applied to exclusion of laws of jurisdiction wherein cause of action arose, or contract was to be performed.

9. Homestead.—Defendant, whose land in Kentucky was sold under execution, held entitled to homestead exemption of $1,000, though entitled only to $250 exemption in personalty under law of state in which note sued on was executed and delivered.

10. Homestead.—Defendant held not precluded from applying for homestead exemption in realty at first term of court after sheriff filed report of execution sale with clerk, where report had not been confirmed, nor execution satisfied.

11. Execution.—Execution levy on, and sale of, entire farm, in which execution defendant and his wife each owned undivided half interest, held void.

12. Execution.—Sheriff's levy of execution and sale thereunder, without complying with provisions of Ky. Stats., section 1703, will be set aside.

ZACH JUSTICE for appellant.

J. C. CANTRILL for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

The appellant and defendant below, J. M. Pinson, was indorser of a note for $500.00 executed by W. P. T. Varney to appellee and plaintiff below, John A. Murphy.

An action was brought on the note in Pike circuit court against Varney and Pinson to recover judgment against them for its amount, interest, and costs. They failed to answer and default judgment was rendered against them in accordance with the prayer of the petition. An attachment was procured upon the filing of the petition, which contained grounds therefor, and, upon rendering the default judgment, the grounds of attachment were also taken for confessed and the attachment was sustained. The sheriff had endeavored to levy it upon a tract of land in Pike county jointly owned by defendant Pinson and his wife, and after the default judgment an order of sale under the attachment was also made. Likewise an execution issued upon the judgment and the sheriff purported to levy it on the entire farm, only half of which was owned by the defendant in the execution. Later the sheriff sold the entire farm according to his advertisement and report of sale that he made under the execution levy, and it was purchased by the plaintiff in the execution, who is the appellee in this case, for the amount of his debt, interest, and costs, aggregating a total sum of $589.70, although appraisers summoned by the sheriff valued it at $2,500.00.

The execution issued on March 18, 1926, and the sale thereunder was on April 5th of the same year, and the report of sale was filed with the clerk of the court on April 20th thereafter. It appears that counsel for appellant (the defendant in the execution) was present at the sale and objected to it upon the ground that his client was entitled to a homestead in the land levied on, and that the sheriff, in making the levy, did not pursue the directions given in section 1703 of the Kentucky Statutes, and for that reason the levy was ineffectual. Counsel thereupon announced that his client was entitled to a homestead of the value of $1,000.00 in the land offered for sale, and which the plaintiff in the execution purchased at the price above stated. At the following July term of the court appellant moved to quash the execution and to set aside the sale made thereunder upon various grounds, among which were that the sheriff had not pursued the legal course in making the levy and that appellant was entitled to his homestead rights. At the same time he entered motion to have a homestead allotted to him in the property before any of it was sold under the execution in satisfaction of the default judgment against him

in favor of appellee, Murphy. Both of those motions were overruled, and the sale was confirmed and adjudged to be valid, and from that judgment, appellant prosecutes this appeal.

In the petition upon which the default judgment was rendered it was alleged:

"That the said note herein mentioned was made, executed, and delivered in the city of Williamson, Mingo county, W. Va., and that, under the laws of the state of West Virginia, the defendants are not entitled to any exemptions against the collection of said demand, except in the amount of $250.00 in personal property only; that the law of the state of West Virginia is hereby pleaded and relied upon herein regarding the exemptions to which the defendants are entitled to in connection with the collection of this demand," etc.

The court filed a memorandum opinion as a basis for the judgment appealed from, and in it he said:

"Motion of J. M. Pinson to allot him homestead in lands set out and in petition overruled. If he had no homestead under the laws of West Virginia as is alleged in the petition and taken for confessed on default of answer, he has no homestead to be allotted, as the note sued on was executed in West Virginia, and the laws of that state apply to the defendant's right of homestead with reference to collecting said note."

It will therefore be seen that the court found and so adjudged not only that appellant by his failure to respond to the petition irrevocably confessed the alleged law of West Virginia with reference to homestead rights in realty owned by the debtor, but likewise found and adjudged that the laws of that state with reference thereto, and as so alleged in the petition and confessed by the default judgment, governed the rights of plaintiff within this jurisdiction wherein the latter resided and wherein the real property sought to be subjected was located. In each of those conclusions the court was in manifest error.

It is the well-settled law, without exception, that a defendant in a default judgment confesses only such allegation in the pleading to which he fails to respond as

is necessary to obtain the particular relief sought by the confessed pleading. The petition in this case, and which appellant confessed by his failure to respond thereto, had for its purpose the recovery of a judgment against appellant. The time for the employment of enforcement remedies had not yet arrived when the petition was filed and would not do so until the judgment was obtained, but which fact, however, would not preclude plaintiff, the creditor, from sequestering property of the defendant under attachment process for the purpose of maintaining the status quo and eventually subjecting the property thus seized, if it should be found on final hearing that it was legally subject to the satisfaction of whatever judgment might be obtained. Such ancillary process, however, will not deprive the defendant in the action of whatever exemption rights he might have under the remedial statute of the forum enacted for the purpose, and which, as we shall hereafter see, he may at least apply for and obtain at any time before the proceeds of the property are distributed.

Therefore the anticipatory allegation in the petition as to what were the exemption laws of the state of West Virginia had no more legitimate place in the petition in this case, and its confession was no more binding on appellant, than would have been an averment therein as to the most feasible and scientific method of taking care of the flood waters of the Mississippi river. If appellant, the defendant in the default judgment, was entitled, as a matter of law, to the exemptions granted him under the laws of Kentucky, where the debt was sought to be collected, and wherein the property sought to be appropriated in its satisfaction was located (as is hereinafter shown to be true), it was of no consequence as to what were the laws of West Virginia upon the subject of exemptions, and the averment in the petition that such foreign laws superseded those of the forum on that subject was nothing but an argument or a conclusion by the pleader, and appellant could not be estopped by failing to respond thereto. It is therefore clear that the above excerpt from the petition, although confessed by appellant, creates no estoppel to his claiming whatever exemptions he may be entitled to.

Equally clear and equally well settled is the proposition that exemption statutes, with some exceptions arising under facts that are absent from this record, are

remedial and have no extraterritorial application, and that the prevailing exemption rights under the law of the forum will be applied, although they materially differ from similar rights of the lex loci contractus, or the place where the cause of action arose, or, if upon a contract, where it is to be performed. That exemption statutes for the benefit of debtors pertain to and form a part of the remedy only, see 25 C. J. 12; 29 C. J. 789; Barker v. Brown, 17 Ky. Law Rep. 1172, 33 S. W. 833; Stewart v. Thomson, 97 Ky. 575, 31 S. W. 133, 17 Ky. Law Rep. 381, 36 L. R. A. 582, 53 Am. St. Rep. 431; and in the case of Smith v. Richey, 185 Ky. 516, 215 S. W. 429, the theory, purpose, and object of such statutes are extensively discussed and shown to be in furtherance of a wholesome public policy. Numerous other cases and authorities could be cited in support of the proposition, but the ones referred to are sufficient to establish the general rule that such laws pertain only to the remedy. That being true, the further principle is equally as well settled that in matters relating to the remedy the law of the forum will be applied to the exclusion of that of the jurisdiction wherein the cause of action arose or was to be performed. 12 C. J. 477; 13 C. J. 259, 260; Labatt v. Smith, 83 Ky. 599; Moody v. Barker, 188 Ky. 401, 222 S. W. 89; the latter case being also an authority in support of the proposition that exemption statutes pertain to the remedy. It therefore follows that appellant was entitled to his homestead exemption in this case, and his motion, therefore, should have prevailed, unless he lost his right thereto by failing to apply therefor within the proper time.

So far as the record discloses, he made such application at the first term of court that convened after the sheriff filed his report of sale with the clerk of the Pike circuit court. But, if that report was filed during a term of court, no deed was then made, but which was ordered in the judgment appealed from rendered at the July, 1926, term of the court, and the debt had not become satisfied by final orders of the court at the time the motion was made, and the exceptions to the sheriff's report of sale were filed before that report was confirmed. In the case of Hayden v. Robinson, 83 Ky. 615, the property of the judgment debtor was sold, and a report thereof made at the October, 1883, term of the court, and was confirmed at the same term. At a subsequent term defendant in the judgment took appropriate steps to secure his exemp-

tion. In upholding his right to do so at that stage of the proceeding, we said, in our opinion, that:

"It is well settled that a defendant entitled to a homestead may, by proper proceedings, even after a judicial sale in an action to which he was a party, have it or the proceeds, not exceeding in amount $1,-000, set apart to him. Appellant was consequently not precluded by the judgment and sale under it of the two lots from the recovery sought in his answer and counterclaim."

The report of sale in this case, as we have said, was not confirmed at the time appellant made his motion to be allowed his homestead exemptions, nor was the execution under which the sale was made satisfied at the time of appellant's motion. He was not therefore precluded from making it at that time, even if all prior steps had been regular, but which was not true, since, as we have seen, the sheriff made no pretense at complying with the provisions of section 1703 of the Statutes when he made his levy.

Furthermore, the sheriff's levy, sale, and report thereof show that he levied upon and sold the entire farm, when at the time the title of record showed that appellant, the defendant in the execution, owned only a half undivided interest therein; and, if the judgment appealed from was carried out as directed therein, it would require a conveyance of the entire farm including the half undivided interest belonging to appellant's wife. That a debtor is entitled to homested exemptions out of his jointly owned interest in occupied real estate was held by us in the cases of Johnson v. Kessler, 87 Ky. 458, 9 S. W. 394, 10 Ky. Law Rep. 429, and Spratt v. Allen, 106 Ky. 274, 50 S. W. 270, 20 Ky. Law Rep. 1822.

It therefore appears that practically all the steps and orders in this case from the time of the issual of the execution were and are erroneous and radically departed from the practice as well as the applicable law to the facts, and because of which the judgment is reversed, with directions to sustain the motion to set aside the sale and to set it aside and to quash the levy of the execution because it did not comply with the provisions of section 1703 of the Statutes, nor did it purport to be levied on appellee's half undivided interest in the tract of land,

with directions to sustain the motion for an allowance of $1,000.00 exemptions to appellant, and for other proceedings consistent with this opinion.