## Greenhill's Adm'rs v. Oppenheimer et al.

(Decided June 22, 1934.)

J. B. ADAMSON for appellants

R. C. LITTLETON for appellees.

OPINION OF THE COURT BY JUDGE RICHARDSON—Affirming.

This appeal involves the time in which to assert a claim of, and also the right to, a homestead in real property sold under a judgment of court, sustaining the levy of an attachment, and the enforcement of an attachment lien, thereon.

C. F. Greenhill's administrators sued Joseph and Mary Oppenheimer in the Carter Circuit Court and recovered a judgment of $1,853.37. During the pendency of the action a general order of attachment against their property was issued and returned levied "on their home where they lived, known as the 'Carter property.'" The return of the attachment also contains the boundary of "their home."

A personal judgment by default was rendered, directing the sale of "their home" to satisfy Greenhill's debt. The judgment directed the sheriff to sell the property. In executing the judgment, he caused the property to be appraised at $2,000, without setting aside to the Oppenheimers a homestead as required by section 1703, Kentucky Statutes. To the sheriff's report of sale the Oppenheimers filed exceptions in which they asserted their claim of homestead in the property reported sold.

In support of their exceptions, they averred:

"They are husband and wife and are each actual bona fide housekeepers with a family, resident in this Commonwealth on the property attempted to be sold herein consisting of a lot or parcel of land on which their dwelling house is situated and being the same property mentioned and described in plaintiff's petition herein; that the alleged debt or liability claimed in plaintiff's petition was created or incurred after the first day of June, 1866; that plaintiffs are not trying to foreclose a mortgage given by defendants or for purchase money due plaintiffs; that defendants have never given plaintiffs a mortgage and do not owe them any purchase money on said property; that the alleged debt or liability did not exist prior to the purchase of the land herein claimed as a homestead or the erection of the improvements thereon. Defendants say that they were present when said property was offered for sale by the sheriff and bid in by plaintiffs; that they publicly announced in the presence

of said sheriff and prospective bidders that they were claiming a homestead in said property; that said sheriff failed to pursue the direction given in section 1703 of the Kentucky Statutes or in any manner to have their homestead allotted to them. * * *,,

The question presented for our determination is not one of first impression. Section 1703 reads:

"Before a sale under execution, attachment or judgment of land occupied as a homestead, the officer in whose hands the writ or judgment may be shall cause such part thereof, which may be selected by the defendant, as shall not exceed in value one thousand dollars ($1,000.00), to be valued under oath, and set apart to him by two disinterested housekeepers of the county, not related to either party, to be selected by the court or officer; and in case they disagree, the officer making the sale shall act as umpire."

Section 1704 provides:

"The valuation so made shall be in writing, signed by the person making it and returned to the court directing it, or with the execution; and the officer must refer to and explain the proceedings in his return on the execution, which shall be recorded in full."

In section 1705, it is stated:

"Where the defendant in the execution, attachment or action owns real estate which is levied on or sought to be subjected to the payment of any debt or liability, and the same, in the opinion of the appraisers, is of greater value than one thousand dollars ($1,000.00), and not divisible without great diminution of its value, then the same shall be sold under the execution, attachment or judgment, and one thousand dollars ($1,000.00), of the money arising from the sale shall be paid to the defendant to enable him to purchase another homestead. But there shall be no sale if the land, when offered, does not bring more than one thousand dollars ($1,000.00)."

It must be noted and kept in mind that these sections deal exclusively with the sale of land under an execution, attachment, or judgment and actually occupied by the defendant as a homestead, and, whether the

sale is made under an execution, an attachment, or a judgment the failure or refusal of the officer in whose hands the writ or judgment may be for execution to observe their requirements, should not be permitted to deprive the owner and occupant of a homestead of his right under section 1703.

In Pinson v. Murphy, 220 Ky. 464, 295 S. W. 442, 444, an action was brought against Pinson and Varney. They failed to answer, and a default judgment was rendered against them in accordance with the prayer of the petition. An attachment was procured upon filing of the petition which contained the ground therefor, and, upon rendering the default judgment, the ground of attachment was also taken for confessed. The attachment was levied on a tract of land, jointly owned by Pinson and wife, and, after the default judgment, an order of sale, under the attachment, was made. Likewise an execution was issued upon the judgment and placed in the hands of the sheriff, who levied it on Pinson's one-half interest in the land. The sheriff sold the farm according to his advertisement and reported the sale made under the execution levy. The sheriff caused the land to be appraised, but failed to have a homestead allotted therein to Pinson. On the return of the execution and report of sale thereunder to the clerk's office, at the following term of court, Pinson filed exceptions to the sale, and at the same time entered a motion to have a homestead allotted to him in the property sold under the execution. His exceptions and motion were overruled, the sale confirmed, and the homestead denied him. On an appeal to this court, we said:

"It is the well-settled law, without exception, that a defendant in a default judgment confesses only such allegations in the pleading to which he fails to respond as is necessary to obtain the particular relief sought by the confessed pleading. The petition in this case, and which appellant confessed by his failure to respond thereto, had for its purpose the recovery of a judgment against appellant. The time for the employment of enforcement remedies had not yet arrived when the petition was filed and would not do so until the judgment was obtained, but which fact, however, would not preclude plaintiff, the creditor, from sequestering property of the defendant under attachment process for the purpose of maintaining the status quo and event-

ually subjecting the property thus seized, if it should be found on final hearing that it was legally subject to the satisfaction of whatever judgment might be obtained. Such ancillary process, however, will not deprive the defendant in the action of whatever exemption rights he might have under the remedial statute of the forum enacted for the purpose, and which, as we shall hereafter see, he may at least apply for and obtain at any time before the proceeds of the property are distributed.

\* \* \*

"That exemption statutes for the benefit of debtors pertain to and form a part of the remedy only, see 25 C. J. 12; 29 C. J. 789; Barker v. Brown, 17 Ky. Law Rep. 1172, 33 S. W. 833; Stewart v. Thomson, 97 Ky. 575, 31 S. W. 133, 17 Ky. Law Rep. 381, 36 L. R. A. 582, 53 Am. St. Rep. 431; and in the case of Smith v. Richey, 185 Ky. 516, 215 S. W. 429, the theory, purpose, and object of such statutes are extensively discussed and shown to be in furtherance of a wholesome public policy. Numerous other cases and authorities could be cited in support of the proposition, but the ones referred to are sufficient to establish the general rule that such laws pertain only to the remedy. That being true, the further principle is equally as well settled that in matters relating to the remedy the law of the forum will be applied to the exclusion of that of the jurisdiction wherein the cause of action arose or was to be performed. 12 C. J. 477; 13 C. J. 259, 260; Labatt v. Smith, 83 Ky. 599; Moody v. Barker, 188 Ky. 401, 222 S. W. 89; the latter case being also an authority in support of the proposition that exemption statutes pertain to the remedy. It therefore follows that appellant was entitled to his homestead exemption in this case, and his motion, therefore, should have prevailed, unless he lost his right thereto by failing to apply therefor within the proper time."

In Hayden v. Robinson & Co., 83 Ky. 615, the property of the debtor was sold, under a judgment, the sale reported to the court, and confirmed. At a subsequent term, the judgment defendant took appropriate steps to secure his homestead exemption. In upholding his right to do so at that stage of the proceeding, we said:

"It is well settled that a defendant entitled to a

homestead may, by proper proceedings, even after a judicial sale in an action to which he was a party, have it or the proceeds, not exceeding in amount one thousand dollars, set apart to him. Appellant was consequently not precluded by the judgment and sale under it of the two lots from the recovery sought in his answer and counter-claim.''

In O'Neal v. Turney's Ex'x, 222 Ky. 361, 300 S. W. 913, a judgment was rendered against Naomi O'Neal, execution issued and levied on a tract of land on which she resided, the land was sold in accordance with the execution, the sale reported, and a deed made to the purchaser. Mrs. O'Neal and her husband instituted an action to set aside the levy, the sale, and the sheriff s deed on the ground she was a bona fide housekeeper with a family and occupying the ground as a homestead, and for these reasons it was exempt from levy and sale. The action was defended on the ground the exemption defense should have been made in the original action in which the judgment was obtained, and that, since the levy, sale, and collection of the proceeds of the sale, it cannot be invoked. The circuit court denied Mrs. O'Neal the right of homestead. The judgment was reversed with directions to enter a judgment awarding her a homestead in the land.

In First National Bank of Scottsville v. Duncan, 210 Ky. 777, 276 S. W. 848, the action was brought to enforce a mortgage lien on certain real property. Judgment went by default, and the land was ordered sold. Some time later Duncan filed his answer claiming a homestead in the surplus funds arising from the sale of the land, as against a judgment sustaining the general order of attachment and a sale made in accordance therewith. The circuit court allowed Duncan his claim of homestead in the surplus funds as against the judgment sustaining the attachment and enforcing the lien thereunder. On an appeal to this court, we said:

"Before any order disposing of the proceeds was made Duncan claimed the homestead, and the chancellor did not err in sustaining his claim."

In Marcum v. Edwards, 181 Ky. 683, 205 S. W. 798, it was held that a personal judgment which also sustains the alleged grounds of attachment and which does not in any way dispose of or apply the attached property is no bar to subsequent litigation by defendant in

the judgment over the right of a bona fide housekeeper with a family, resident of the Commonwealth, to a homestead in the property, or its proceeds.

In Wren v. Cooksey, 155 Ky. 620, 159 S. W. 1167, an action was brought to compel specific performance of a contract for the conveyance of a house and lot. An attachment was issued and levied on the residence of Mrs. Wren. In her answer she asserted that the contract of sale was within the statute of frauds and the intendment of the contract was an option. Relief was denied to her on her answer and counterclaim, whereupon she offered an amended answer pleading a homestead in the attached property. The court refused to permit her to amend her pleading. On an appeal, the judgment was affirmed.

Without recognizing and giving effect to section 1703, the court rested its opinion in the case entirely upon the well-established rule that an adjudication is final and conclusive not only to a matter actually determined, but also to every other matter which the parties might have litigated and have decided as incident thereto essentially connected with the subject-matter of the litigation and every matter coming within the legitimate purview of the original action both as to matters of claim and defense. The same principle was applied in Kimbrough v. Harbett, 110 Ky. 94, 60 S. W. 836, 22 Ky. Law Rep. 1578, and again section 1703 was overlooked.

The very language of section 1703 exempts the claim of a homestead from the operation of the general rule of finality of a judgment, followed in Wren v. Cooksey and Kimbrough v. Harbett by expressly enjoining upon the officer in whose hands a writ or judgment for the sale of land occupied as a homestead, to cause such part thereof which the judgment defendant may select to be valued under oath and set apart by the appraisers as directed by this section before making the sale of land occupied as a homestead. The effect of the statute is to reserve to the bona fide occupant of a homestead a right thereto even after the judgment of sale is executed.

Since section 1703 places a sale of a homestead under execution, attachment, and judgment on the same level, there is, and can be, no reason for denying the owner and occupant of a homestead the right to assert it after a sale in pursuance to a judgment sustaining

the attachment levy thereon and a sale thereunder, the same as if the land was sold under an execution.

The procedure or process under which the homestead is sold is wholly immaterial. The fact it was before, and at the time of the sale; owned and occupied as a homestead, is determinative of his right thereto after the sale thereunder, whether the sale was under an execution, attachment, or judgment, if in fact it was acquired before the creation of the judgment debt.

It was the duty of the sheriff at the time the Oppenheimers asserted their right to a homestead at the time and place of the sale, to comply with section 1703. On their showing in the circuit court, the failure of the sheriff to comply with the requirements of section 1703, the court should have permitted them to avail themselves of section 1703.

With this view and adhering to the principles stated in the cases supra, the judgment is affirmed.