## Allen v. Vandevelde et al.

October 29, 1946.

John D. Driskill for appellant.
W. V. Eaton for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK—
Affirming.

The appellant, Mrs. Mary B. Allen, became the owner of a lot facing on Madison Street in Paducah, in 1914. Subsequently she mortgaged this lot, which is referred to as Tract No. 2, and another one referred to as Tract No. 1. A part of the debt was paid and the mortgage on Tract No. 1 was released. An action was instituted to collect the debt on Tract No. 2. One of the calls in the boundary of the lot was "thence from said point East and toward North Sixth Street 58½ feet more or less to a point." The words "more or less" were left out of the description given in the petition in the action just mentioned. Summons was duly issued and Mrs. Allen made the following response:

"For my answer to Amended Petition No. 32, the sum of $1,470.76 is about now due by me, to the best of my knowledge and belief." The record in that action shows, however, that the court did not treat this response as sufficient because it presented no defense and no notice was given to the attorneys representing the plaintiff. In the judgment directing the sale of the property and in the notice of sale the property was described in the same manner as in the petition. However, in a supplemental judgment overruling the exceptions of the purchasers, the appellees in the present action, and in an affidavit of the trustee, the full description of the property was given. The trustee's affidavit sets out fully the source of Mrs. Allen's title.

Approximately two years after the sale Mrs. Allen instituted the action now before us in which she set up claim to a narrow strip of land some four or five feet in width at the back of the lot heretofore referred to as Tract No. 2. The appellees denied Mrs. Allen's claim and alleged that the strip claimed by her was included in their deed and asked that their title be quieted. Mrs. Allen made no response to the second and third paragraphs of the appellees' petition, but we can not agree with the contention that this was necessary, because the only question in the case involves the ownership of the few feet of land in question. As we have noted, both parties are claiming it.

The appellant's position is that, since no defense was made in the original action, the plaintiff could have

284

no relief other than asked for in the petition, namely, the sale of a lot running 58½ feet on Madison Street. Actually the lot extended something in excess of 60 feet along that street. The case of Pinson v. Murphy, 220 Ky. 464, 295 S. W. 442, is cited in support of the proposition that a defendant in a default judgment confesses only such allegations in the pleading to which he fails to respond as are necessary to obtain the relief sought by the confessed pleading. We have noted that the trial court in the original action did not treat Mrs. Allen's response as sufficient to constitute a defense. It must be admitted, however, that she entered her appearance and it strikes us that she made all the defense she could. She owed the debt and knew the property had to be sold to satisfy it, and about this she made no complaint. Furthermore, it is quite obvious that everyone knew what property was being sold, namely, Tract No. 2. The lien on Tract No. 1 had already been released and everyone was fully apprised of the fact that the lien was against all of Tract No. 2 and not a part of it. A careful examination of the whole record leads us to the firm conclusion that the chancellor properly dismissed the petition in the action now before us. Mrs. Allen was in no sense misled, nor overreached, and, as we have indicated, we think she was fully aware of what property was being sold to satisfy her debt, namely, Tract No. 2.

Judgment affirmed.