## Huff v. Fuller, et al.

(Decided December 15, 1922.)

### Appeal from Fayette Circuit Court.

1. Contracts—Consideration—Parol Evidence.—It is competent to prove by parol a different consideration from that expressed in a writing and that, too, without a prior allegation of fraud, oversight or mistake.

2. Contracts—Parol Evidence—Varying Terms of Written Contract.— The rule against varying the terms of a plainly written and apparently completed contract by proof of prior or contemporaneous oral agreements is not violated by proof of a contemporaneous parol trust showing the status and relation of the vendee, lessee or other obligee in the contract to be different from what it purports to be by the writing. Therefore, a lessee who agrees with the lessor at the time of the execution of the lease that if he should dispose of it he would pay the lessor an agreed sum is liable to the lessor for that sum if he makes a disposition of the lease, although no mention of the oral trust is made in the lease, since it is competent to establish the trust by parol proof without violating the rule against altering the terms of a written contract by prof of prior or contemporaneous oral agreements.

BAILEY & BERRY for appellant.

ALLEN & DUNCAN for appellees.

Opinion of the Court by Judge Thomas—Affirming.

Appellees, V. H. and E. H. Fuller, in March, 1919, executed and delivered to appellant, Ira C. Huff, an oil and gas lease on a tract of land in Powell county. The lease was for a term of five years and as much longer thereafter as oil and gas are produced, and expressed a nominal consideration of $1.00 and obligated the lessee to drill a well upon the premises within one year from it date, or pay stipulated rentals until a well was completed, and further provided that the lessors should receive one-eighth of all the crude oil produced and $100.00 per year for each producing gas well thereon. It also contained stipulations for the usual license privileges for the lessee to develop the property as contemplated. The lessee thereafter organized a corporation in which he was the principal stockholder and he put into it the above and other leases in payment or part payment of his stock in the corporation. That corporation afterwards sold all of its properties, including the above lease, to another one, whereupon the lessors filed this ordinary action against the lessee in the Fayette circuit court to recover from him a judgment for $4,000.00 upon the ground, as alleged in the petition as amended, that the lease was delivered to defendant upon the agreement and understanding that he was to sell it and if he did so he was to pay plaintiffs the sum of $4,000.00, but if he organized a corporation and sold the lease to it, then plaintiffs were to be paid $2,000.00 stock in the organized corporation, and $2,000.00 in money, the defendant to receive all above $4,000.00 which he obtained for the lease. It was then alleged that he had disposed of the lease in the manner indicated and that he neither delivered nor offered to deliver plaintiffs any stock in that corporation, nor had he paid them any part of the $4,000.00, but on the contrary refused to do so upon demand.

A demurrer filed to the petition was overruled and an answer controverting its allegations was filed with a second paragraph setting up the lease as constituting the entire contract, to which paragraph a demurrer was sustained, and upon trial there was a verdict in favor of plaintiffs for the full amount sued for which the court declined to set aside on a motion for a new trial and defendant has appealed.

Two contentions are made by defendant's counsel for a reversal of the judgment, which are: (1), That the

terms of the contract contained in the lease are conclusive and can not be varied by parol testimony, and (2) that the lease being a conveyance of an interest in land for more than one year is required by the statute of frauds to be in writing, and because thereof no action is maintainable on the parol agreement relied on.

Answering contention (1), it is readily admitted as a firmly established rule relating to written contracts; when they are not ambiguous and appear on their face to contain all the terms of the agreement, that it is incompetent to add to or alter their terms by proof of prior or contemporaneous oral agreements, since in such cases the writing is conclusively presumed to contain all of the terms. But an exception to that rule is, that it is competent to prove by parol testimony a different consideration from that expressed in the writing. The right to so impeach the expressed consideration is a statutory one in this jurisdiction, being expressly given in subsection 7 of section 470 of Kentucky Statutes, which is our statute of frauds, and by section 472, and it may be done without a pleading alleging a failure to express the true consideration because of oversight, fraud or mistake. Menser v. Lee, 176 Ky. 391; Henderson v. Adams, 182 Ky. 280, and numerous other cases in the notes to section 470, *supra*.

But, whether the parol agreement sued on in this case should be considered as a part of the consideration for the lease and provable under the stated rule is not necessary to be determined, since there can be no doubt that the parol testimony relied on is competent to create a parol trust under which defendant took and held the lease and for the violation of which he would be liable to the *cestui qui trust*, who were the plaintiffs in this case, if there existed such trust. The principle of law determined in the case of Turner v. Newberry, 166 Ky. 196, fully sustains the right with reference to the establishment and enforcement of a trust created by parol, although the trust grows out of a transaction the terms of which are stated in a writing with no reference therein to the trust. In that case the vendor executed a deed to the vendee absolute in form and recited that the consideration for the land conveyed was paid and how it had been paid. The vendee claimed that under his absolute deed he could hold the land without performing the terms of the collateral parol trust. The vendee sued him to re-

cover a judgment for an amount alleged to be due under the terms of the parol trust, and the trial court gave a peremptory instruction in favor of the defendant on the ground that there was no plea of fraud or mistake in the execution of the deed, and that without such a plea the consideration expressed could not be impeached. But this court reversed the judgment, and after referring to the rule prevailing in this jurisdiction, that it is competent to prove by oral evidence that a deed absolute on its face was intended by the parties as a mortgage or security for indebtedness, the opinion said: "The recited consideration of a conveyance may be impeached, without allegation of fraud or mistake, and that, too, by parol testimony. Kentucky Statutes, section 470, subsection 7; Stamper v. Cornett, 121 S. W. 623; Kentucky Statutes, section 472. Of course, in the instant case, it was not shown that the conveyance from Turner to Newberry was in fact intended to be a mortgage; it was not intended that the land should be held by Newberry as security, but that he should sell it and pay to Turner whatever the sale realized over and above the amounts which Newberry had paid for Turner. The transaction was an oral trust."

In the case of Woolfork v. Earle, 19 Ky. L. R. 343, 40 S. W. R. 247, the facts were that a stepdaughter conveyed a tract of land to her stepfather by absolute deed with a recited nominal consideration of $1.00. The land was afterwards sold and a creditor of the stepfather attempted to subject a part of the proceeds, which action was resisted on the ground that the deed was executed upon the parol trust that the stepfather would sell the land and reinvest the proceeds in a home for his wife, the mother of his grantor, in the state of Kansas, where the stepdaughter resided and to which the mother and her husband contemplated moving. The trial court denied the oral trust upon the ground that the terms of the deed, being absolute, "could not be varied or contradicted by oral proof." The judgment was reversed by this court, and in the opinion it is said: "We think, however, that the motives of the parties to the deed, and the reasons which induced it as well as the real consideration for its execution, may be shown, and this proof in no way varies or contradicts the recitals of the deed." It would be no difficult task to support the two propositions with foreign opinions and text writers, but we deem it unnecessary.

The answer to contention (2), is, that necessarily a parol trust is not required to be in writing, which is axiomatic. If, however, the relation and the rights of the parties should be determined upon the theory that defendant, by the relied on oral agreement, was created the agent of plaintiffs to sell the lease, then such a contract is not required by the statute of frauds to be in writing. Whitworth v. Pool, 29 Ky. L. R. 1104; Womack, et al. v. Douglas, 157 Ky. 716, and Monroe v. Bailey, 145 Ky. 794.

The testimony was abundantly sufficient to support the verdict and there being no reversible error, the judgment is affirmed.