## First National Bank of Scottsville v. Duncan, et al.

(Decided October 27, 1925.)

Appeal from Monroe Circuit Court.

1. Homestead—Debtor Entitled to Homestead Rights in Proceeds of Involuntary Sale, and May Assert Rights at Any Time Before Final Order Disposing Thereof.—Debtor is entitled to homestead in surplus proceeds arising from the sale of his property to pay lien debts, and may assert such right at any time before there is a final order disposing of such proceeds.

2. Homestead—Claim of Homestead in Proceeds of Sale Held Good as Against Attaching Creditor.—Where remainder of proceeds of sale to pay lien rights remained subject to further orders of court, and before any such order was made debtor claimed homestead therein, chancellor did not err in sustaining claim thereto as against one who had judgment against debtor and had attached such proceeds, inasmuch as such judgment was not conclusive of homestead rights, not applying attached proceeds to payment of debt.

W. D. GILLIAM for appellant.

B. F. DENHAM for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

This appeal challenges the correctness of the chancellor's ruling in awarding W. H. Duncan a homestead in the surplus proceeds of his real estate, which was sold to pay his lien debts.

The facts are these: The action was originally brought by the Commonwealth Life Insurance Company to enforce a mortgage lien on certain real estate belong-

ing to Duncan. Judgment went by default and the land was ordered sold. Several months later, and at the April, 1924, term, R. L. Paull, who had filed a cross-petition, was adjudged a lien subject to prior liens on the lands that had been sold, and the priority of liens was reserved for further adjudication. At the same term an order was entered directing the master commissioner to collect the sale bond, to pay the debt of the Commonwealth Life Insurance Company and certain other indebtedness, including taxes, and to hold the remainder of the money, if any, subject to the further orders of the court. When the above orders were made there was also pending an action in which the First National Bank of Scottsville sought the recovery of $5,000.00 against Duncan and wife, and asked a general order of attachment. No answer having been filed, judgment went by default, and the attachment was sustained. Some time later Duncan filed his answer claiming a homestead in the surplus funds arising from the sale of his lands. The relief was granted and the First National Bank of Scottsville appeals.

It is the rule in this state that where the necessary conditions are present the debtor is entitled to a homestead in the surplus proceeds arising from the sale of his property to pay lien debts, and may assert this right at any time before there is a final order disposing of such proceeds. Marcum v. Edwards, 181 Ky. 683, 205 S. W. 798. Here, the court, after adjudging that the taxes and certain lien debts be paid, directed the balance to be held subject to the further orders of the court. It is true that appellant recovered judgment for its debt and that its attachment was sustained, but, as the judgment was not accompanied by an order applying the attached proceeds to the payment of its debt, the judgment was not conclusive of the right of homestead, Marcum v. Edwards, *supra,* but the proceeds as theretofore directed still remained subject to the further orders of the court. Before any order disposing of the proceeds was made Duncan claimed the homestead, and the chancellor did not err in sustaining his claim.

Judgment affirmed.