## O'Neal v. Turney's Executrix.

(Decided December 16, 1927.)

Appeal from Fulton Circuit Court.

1. Estoppel.—Where judgment creditors, in suit by debtor to set aside levy and sale of land on ground that it was her homestead, claimed that homestead was conveyed by husband to wife, the debtor, for valuable consideration, and that conveyance being subsequent to creation of debt, land was subject to debt, under Ky. Stats.. sec. 1702, wife was not estopped from claiming that conveyance from husband was gift, where husband had testified in bankruptcy proceedings, to which wife was not party, and at which she was not present, that deed in question was executed in consideration of an indebtedness due by him to wife.

2. *Witnesses.*—In suit to set aside levy and sale of land, because it was homestead, in which judgment creditors claimed land was subject to debt, because land had been conveyed by husband to wife for valuable consideration after creation of debt, under Ky. Stats., sec. 1702, and debtor claimed conveyance from husband was gift, transcript of husband's testimony, taken in bankruptcy proceeding, that deed was executed in consideration of an indebtedness due by him to his wife, held improperly admitted, under Civil Code of Practice, sec. 606, subsec. 1.

3. *Deeds.*—Under Ky. Stats., sec. 472, true consideration for deed can always be shown, though recited consideration is prima facie correct, and is to be considered.

4. *Homestead.*—Exception, in Ky. Stats., sec. 1702, denying homestead exemptions as against debt created prior to purchase of land, does not apply to property acquired by gift.

5. *Homestead.*—Where title to land levied on was not raised in original action, in which judgment was obtained, and it did not become involved until execution was levied, claim that land was homestead could be made after levy, sale, and collection of proceeds of sale.

6. *Dismissal and Nonsuit.*—Rights of parties were not prejudiced by dismissal without prejudice of action to enjoin enforcement of levy.

7. *Courts.*—Though land levied on was located in Fulton county, Fulton circuit court was without jurisdiction to enjoin levy of execution issued from Hickman circuit court.

HESTER & STAHR for appellants.

ROBBINS & SMITH and H. T. SMITH for appellees.

OPINION OF THE COURT BY JUDGE McCANDLESS—Reversing.

Van B. O'Neal was adjudged a bankrupt on March 21, 1924. At that time he and his wife Naomi, were indebted to appellees J. A. and Mollie L. Turney on notes previously executed and secured by mortgages on land in Hickman county. Subsequent to the adjudication in bankruptcy, the Turneys sued Naomi O'Neal, and recovered judgment against her for $3,999.70 subject to a credit of $1,897.15. Execution issued on this unpaid balance, and was levied upon a small tract of land in Fulton county on which the O'Neals resided. Mrs. O'Neal claimed this land as a homestead, and she and her husband brought suit in the Fulton circuit court to enjoin the sheriff from enforcing the levy. Upon ascertaining that the Fulton circuit court could not enjoin the collection of an execution issued from the Hickman circuit

court, that suit was dismissed without prejudice. Thereupon the sheriff of Fulton county sold the land in question over the protest of the O'Neals and applied the proceeds as a credit on the execution. Later the O'Neals filed suit in the Fulton circuit court to set aside the levy, the sale, and the sheriff's deed, on the ground that the land in question was the property of Mrs. Naomi O'Neal; that she was a bona fide housekeeper with a family, and occupying it as a homestead, and for these reasons that it was exempt from levy and sale. It appears that the land in question was worth about $800; that it was purchased and paid for by Van B. O'Neal some time in the year 1916, and that he and his family had been occupying it as a homestead subsequent thereto; that on the 14th of April, 1923, he duly executed and acknowledged a deed conveying this property to his wife, the recited consideration being $1,000. It further appears that part of the debt due by Mrs. O'Neal to the execution creditors was created on the 15th of June, 1921, and the remainder of it on March 30, 1923, both of which antedated the deed executed to Mrs. O'Neal by her husband.

In this suit the Turneys claim that the land was conveyed to Mrs. O'Neal for a valuable considertaion, and that, as this conveyance was subsequent to the creation of their debt it is subject thereto by the express provisions of section 1702, Ky. Statutes. On the other hand, Mrs. O'Neal claims that the conveyance from her husband was a deed of gift, and not controlled by the exception of the statute applying to the purchase of real estate after the creation of a debt.

On the trial Mrs. O'Neal testified that she inherited $400 or $500 from her parents shortly after her marriage, some 20 years ago; that this fund was expended in the maintenance of the family, but not loaned to her husband, and that no indebtedness therefor was ever recognized between them nor claimed by her; that the family had lived on the land in question since 1916, and that she was attached to it; and that her husband had always promised to give it to her, which he did. As combating this evidence the Turney's introduced a transcript of the evidence of V. B. O'Neal taken in the bankruptcy proceeding, in which he testified that the deed in question was executed in consideration of an indebtedness due by him to his wife for the amount she had inherited from her

father's estate, and which she had given him, and which, with interest, equaled the consideration stated in the deed. The plaintiff objected and excepted to this evidence as incompetent, but these were overruled. No other evidence was taken, and the court concluded that the property was subject to execution, and dismissed the petition. The plaintiff appeals.

The first question that arises is as to the competency of the evidence of Van B. O'Neal in the bankruptcy proceedings. It appears that Mrs. O'Neal was not a party to that action, nor present at the time the deposition was taken. It does not appear why the homestead exemptions were not claimed in that proceeding, nor what the issues were; hence she is not estopped in this action by what took place there. Section 606, subsec. 1, of the Civil Code, authorizes the husband or wife to testify for the other in actions against certain persons for lost baggage, and in actions which might have been brought by or against the wife, if she had been unmarried, in which either or both of them may testify, or in cases where one is acting as agent for the other, he may testify as to any matter connected with such agency; but neither is permitted to testify against the other, except in divorce actions brought for certain named causes. It is not claimed that V. B. O'Neal was agent for his wife, nor that he was testifying as her agent in the bankruptcy proceeding, nor that such proceeding was on a cause of action which might have been brought by her, if she was single. Hence to use that deposition in this case is in effect to require him to testify against his wife. It is true that where a fraudulent transfer of property has been made by the husband to the wife and both are later sued to cancel such conveyance, each may testify for himself or be compelled to testify against his interest, and thereby affect the interest of the other adversely. But that is not this case. Here the conveyance is not attacked, nor sought to be set aside. Admittedly V. B. O'Neal could have held the homestead in the land at the time that he executed the deed, and such conveyance, whether by gift or sale, was not fraudulent as to his creditors. The only question is whether it was executed in recognition of a preceding indebtedness due his wife by him, or as a gift. In such case it is clear that he could not be introduced as a witness against his wife, and it follows that the introduction of the transcript of the deposition given by him

in the bankruptcy proceeding was improper and erroneous.

Omitting this deposition, the only remaining evidence on this question is the recital in the deed and the testimony of Mrs. O'Neal. The authorities are uniform that under section 472 of the Statutes the true consideration can always be shown, though the recited consideration is prima facie correct, and is to be considered. From this standpoint Mrs. O'Neal's testimony is reasonable, and is in keeping with the ordinary family relations. It is not unusual for the wife to expend her patrimony on the family upkeep, and while sometimes the wife requires an accounting from the husband, such instances are exceptions rather than the ordinary practice. As stated supra, the family had lived on the property since 1916. If no conveyance had been made, V. B. O'Neal could have held it as a homestead, and the conveyance to his wife in 1923 was not a fraud upon his creditors' rights, whether regarded as a gift or as a sale. Neither was the acceptance of a deed of gift of the land by the wife a fraud upon her creditors. Nor is her present position on that account inequitable.

It is conceded that the exception in the statute denying homestead exemptions as against a debt created prior to the purchase of the land does not apply to property acquired by gift. Holcomb v. Hood, 1 S. W. 401, 12 Ky. Law Rep. 240. But it is argued that the exemption defense should have been made in the original action in the Hickman circuit court, in which the judgment was obtained, and that since the levy, sale, and collection of the proceeds of sale it cannot be invoked. This argument is based on an erroneous construction of the opinions in the cases of Wren v. Cooksey, 155 Ky. 620, 159 S. W. 1167, and First National Bank v. Duncan, 210 Ky. 777, 276 S. W. 848. In each of those cases the plaintiff sought the enforcement of a lien, and the land was sold in accordance with his prayer, and this put the title to the land in issue. It was held that, after the final order of distribution was made, the right to exemptions could not be invoked. However, the title to this land was not involved in the original action, and it did not become involved until the execution was levied; hence it falls within the rule laid down in Miller v. Bennett, 12 S. W. 194, 11 Ky. Law Rep. 391, in which the right in a similar case was upheld.

Appellees also insist that the appellants are estopped to assert homestead in this action by reason of the fact that the former suit in the Fulton circuit court to enjoin the enforcement of the levy was dismissed without prejudice. Clearly there is no force in this contention. The rights of the parties were not affected by the dismissal of the action without prejudice; besides it is clear that the Fulton circuit court was without jurisdiction to enjoin a levy of collection issued from the Hickman circuit court. We conclude that the chancellor erred in adjudging the conveyance to have been one of purchase.

Wherefore the judgment is reversed, with directions to enter judgment in favor of plaintiff in accordance with the prayer of the petition.