## Noble's Administrator et al. v. Combs.

(Decided January 25, 1929.)

DUFF & DUFF and H. C. EVERSOLE for appellants.

MORGAN & EVERSOLE for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

Shortly before his death and on January 26, 1910, Granville Noble and his wife, who was the daughter of appellee, H. H. Combs, conveyed to the latter by two deeds the minerals under two tracts of land in Perry county. The consideration recited in one of the deeds was $75 cash, and in the other the recited consideration was $400 cash. A few months after these deeds were executed and after the death of Granville Noble, appellee sold the minerals in the two tracts of land for $1,533.70. At the time the two tracts were conveyed to appellee, they were mortgaged to secure a debt of $600 which, with interest, then amounted to $654. Out of the proceeds of the sale appellee paid off this mortgage debt.

Granville Noble left surviving him his widow and four infant children, ranging from 8 months to 7 years of age. His widow, Nancy Noble, qualified as administratrix of his estate and as guardian of the four children. In March, 1911, she married the appellant Jake Noble. In June, 1926, Jake Noble qualified as administrator of the estate of Granville Noble, deceased, and on August 18, 1926, this suit was instituted in the Perry circuit court by Jake Noble, administrator of the estate of Granville Noble, deceased, and the four children of Granville Noble, two of whom had then arrived at the age of 21 years; the

remaining two being infants and suing by their next friend.

In their petition the plaintiffs alleged that the consideration named in the two deeds executed by Granville Noble to appellee on January 26, 1910, was not the true consideration, but that the defendant, H. H. Combs, agreed to sell the two tracts of land after the death of Granville Noble and pay off the mortgage debt and to turn over any balance remaining to the heirs of the grantor; that the balance remaining after the payment of the mortgage debt was $933.70, which the defendant had failed and refused to pay to the plaintiffs, and a judgment against him for that amount was sought.

Defendant filed an answer, the first paragraph of which was a traverse of the averments of the petition. In the second paragraph the defendant alleged that the sole consideration for the conveyance of the minerals under the two tracts of land was the assumption by him of the mortgage debt of $600. He further alleged that Granville Noble, at the time the deeds were executed, requested that if he sold the mineral rights for more than the amount of the mortgage debt he would use the excess in helping to raise Granville Noble's four infant children, and that, while this was not a part of the agreed consideration, he had complied with the request of the grantor by taking the four children into his home and boarding, clothing, and educating them at an expense far greater than the amount received by him for the two tracts of land in excess of the amount of the mortgage debt. A reply completed the issues. The testimony was taken by depositions and the case submitted to the court. The court dismissed plaintiffs' petition, and they have appealed.

Appellee complains that the testimony introduced by appellant was incompetent, since its purpose was to vary the terms of a written instrument; but we have held that the consideration named in a deed may be impeached by parol testimony, and that this may be done without a pleading alleging the failure to express the true consideration because of oversight, fraud or mistake. Jones v. Riddell, 224 Ky. 245, 5 S. W. (2d) 1077; Holbrook v. Letcher County, 223 Ky. 597, 4 S. W. (2d) 382; O'Neal v. Turney's Executrix, 222 Ky. 361, 300 S. W. 913; Huff v. Fuller, 197 Ky. 119, 246 S. W. 149.

The plaintiffs introduced a number of witnesses, including themselves, who testified that the four children

of Granville Noble never lived in the home of appellee as members of his houschold, but only visited there at intervals, and that he expended no appreciable sums for their food and clothing. On the other hand, appellee testified that all four of the children lived in his home as members of his household during the greater portion of their minority; that he clothed and fed them during that time, purchased books for them when they were in school, and expended far more than $900 in their support. He is supported by a number of witnesses who lived in the neighborhood during most of the period during which he claimed the children lived with him, and, while no specific expenditures are given, the claim by him that he expended more than the amount received by him from the sale of the land in question is supported by the preponderance of the evidence. Furthermore, the evidence, the surrounding circumstances, and the conduct of the parties support appellee's claim that the only consideration for the conveyance of the minerals in the two tracts of land was the assumption by him of the mortgage on the land, and that the grantor merely requested the appellee to contribute to the support of the former's children in the event the mineral rights conveyed were sold for an amount in excess of the debt assumed. Even if it should be conceded that there is sufficient evidence to warrant a conclusion that the transaction amounted to an oral trust, the preponderance of the evidence supports the view that appellee has performed the terms of the trust. While the evidence is conflicting, this is a proper case for the application of the rule that this court will not disturb the trial court's findings of fact where the mind is left in doubt as to the truth.

Judgment affirmed.