## Webb v. Nelson et al.

(Decided January 20, 1931.)

L. B. ALEXANDER for appellant.

W. A. BERRY for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE LOGAN—Affirming.

The appellees owned a half interest in a firm known as Sanitary Cleaners and Dyers, and another firm known as the West End Cleaners, both concerns located in Paducah, Ky. On July 16, 1928, the appellant purchased that one-half interest and the contract of purchase was in writing. The agreed price was $5,000 with certain provisos. $3,000 was paid in cash, and $2,000 was to be paid at the end of one year provided the business should earn and produce over and above all expenses a net profit of $4,000 during the year. If it should not produce a net profit of more than $4,000, appellees had the option to buy the interest so sold by returning to appellant the

$3,000 which had been paid with interest. If appellees should fail to repurchase the interest and repay the $3,-000 upon the request of appellant, the $3,000 which had been paid should constitute the full consideration, and the $2,000 payable at the end of one year should be canceled. Appellant had the right to retain the interest purchased and pay the additional $2,000 even if the net profits amounted to less than $4,000. In the event the net profits were more than $4,000, appellees were to receive, in addition to the $2,000 payment, one-fourth of the net amount above $4,000.

Immediately before the expiration of the year, appellant served notice on appellees that the business had not produced over $4,000 above all expenses and offered to transfer his interest in the business back to appellees. Appellees refused to accept the business, and pay the appellant the $3,000, whereupon suit. was instituted by appellees seeking to recover the $2,000 with interest and one-fourth of the earnings above $4,000, which, it was alleged, amounted to $700.

Appellant admitted the purchase and defended on the ground that the business did not produce a net profit above all expenses of more than $4,000. He alleged, by way of further defense, that it was expressly agreed between the parties to the contract that appellant and the other partner in business who owned the other one-half interest should draw a salary of $50 per week each, and that the salaries should be charged as expenses of the business and deducted from the proceeds realized from the business, and that the salary was so drawn by each of the partners and charged as expenses, which left only a small amount as net profits above all expenses. In an amended answer which the court allowed to be filed during the course of the trial, it was alleged that the provision as to salary which was agreed upon by the parties at the time of the making of the contract was omitted through mistake, or oversight, on the part of the attorney who drew the contract. A reply was filed denying that there was any such agreement as to salary. At the conclusion of all the evidence at the trial, the court gave the jury a peremptory instruction to return a verdict in favor of appellees for $2,035 with interest

In brief filed for appellant it is said that, "There are but slight contradictions in the evidence in this case, and the questions presented are questions of law rather

than questions of fact." He then presents his arguments in support of the alleged errors which, in his judgment, would justify a reversal of the judgment. His motion and grounds for a new trial pointed out that the court erred in refusing competent testimony, in overruling appellant's motion for a peremptory instruction, and in sustaining appellees' motion for a peremptory instruction. His argument, based upon the grounds mentioned in his new trial, is to the effect that the trial court misconstrued the contract in defining "all expenses" as used in the contract and referred to in the pleadings and testimony; that the court was in error in refusing to allow appellant to show that the salaries drawn by the partners after appellant acquired his interest in the properties were reasonable; that the construction of the contract is so far as it referred to "all expenses" should have been submitted to the jury under proper instructions; that the court should have given a peremptory instruction to the jury to find for appellant, because the evidence showed there was a mistake of law in drawing the contract in that the attorney who drew it thought that the term "all expenses" included salaries paid to the partners.

It is shown without contradiction that the two partners drew out money at the rate of $50 a week each during the year while engaged in the conduct of the affairs of the partnership. This salary on the part of Mr. Jett amounted to $2,149.57, and on the part of the appellant $1,903.19. The net earnings above all expenses were $4,-193.16. The question of whether appellant should have been allowed to show that the salary of $50 a week to each of the partners was reasonable wholly depends on whether the contract, by its terms, allowed the deduction of salaries as a part of the expenses. If the contract itself does not allow the deduction of these salaries, it makes no difference what amount was paid, as that was a matter of private agreement between the partners themselves. The question of whether the amount of the salaries was reasonable is not important to a decision of the question before the court, and there are no grounds for complaint at the rulings of the trial court in this respect.

It is contended with some plausibility that the evidence established that the agreement by the appellant and appellees at the time of the sale and purchase provided that the partners should receive salaries at a fixed

sum during the year covered by the contract. His counsel, perceiving that he had not made out a case based on mutual mistake between the parties, has advanced the theory in his brief that the provision was omitted from the contract through a mistake of law. The argument finds itself supported, so counsel for appellant thinks, in that the attorney who prepared the contract expressed the opinion when he was testifying as a witness that "all expenses" as used in the contract included the salaries of the partners. That may have been a natural mistake, but it was not a mistake of law within the meaning of the opinions relied on by counsel for appellant. The parties to the contract do not claim that they knew anything about what the law was governing such matters. The contract was prepared by a lawyer of ability, and there is nothing to show that he did not write into the contract the agreement between the parties, although the appellant testified that he made some inquiry of appellees about salaries and whether the salaries should be treated as a part of the expenses. The appellant signed the contract, and it must be interpreted according to the language used therein read in the light of the law as it existed at the time of the signing of the contract. The cases of Jones v. Riddell, 224 Ky. 245, 5 S. W. (2d) 1077; Easter v. Johnson, 217 Ky. 639, 220 S. W. 505; Nield v. L. & N. R. R. Co., 205 Ky. 676, 266 S. W. 351, correctly state the principles governing the questions therein discussed, but they do not help appellant. In the first case mentioned, the court did no more than to restate the age-old rule that in the interpretation of contracts courts must ascertain the intention of the parties and give effect to that intention. The intention of the parties must be ascertained so it was held in that case, from the words employed taking into consideration the whole context of the agreement. In the case before us there is nothing in the contract considered in separate paragraphs or as a whole from which it may be inferred in the interpretation of the contract that the words "all expenses" were intended to include salaries paid to partners. The second case mentioned above states another old principle to the effect that in the construction of contracts it is the universal rule that courts should not give them a different construction from that placed on them by the parties at the time of the execution. There is nothing here to show what construction was placed on the contract before us by the parties at the time it was

executed. It is true that appellant testified that there was a construction placed on the contract by him and appellees at the time it was executed, but this is denied. The last case mentioned above is to the effect that in the absence of positive proof of the terms of a contract, evidence of its construction by the parties at the time and for a long time thereafter should be entitled to great weight. That is true where there is any ambiguity in the contract, or where it is oral and there is a dispute as to its terms.

Counsel for appellant, as well as counsel for appellees, in the course of their briefs, reached the conclusion that the decision in this case must turn on a single question, and that is whether the words "all expenses" as used in the contract, under the facts and circumstances proved in the case, included the salaries drawn by the partners. Counsel for appellant, in his brief, admits that the law is that "unless there is a contract to the contrary, a partner cannot draw a salary and charge it as expenses of the business." He is correct in his statement of the law, as has been held in a number of cases, among which are Burgan v. White, 223 Ky. 79, 2 S. W. (2d) 1067; Bemiss v. Widows' & Orphans', etc. 191 Ky. 316, 230 S. W. 310. But counsel for appellant argues that the law as stated by him does not apply to his case, but that the undisputed testimony shows that there was an agreement that the appellant should draw a salary, and that appellees so understood and acquiesced therein for a year, and made statements to disinterested witnesses, about the matter. Counsel's construction of the evidence is not as accurate as his statement of the law. Appellee Fred Nelson is positive that there was no agreement that salaries should be deducted as a part of the expenses. It was not written in the contract. There was no proof that there was any intention on the part of either of the parties to have it written in the contract. The evidence goes no further than to show that one of the parties understood that the salaries were to constitute a part of the expenses. But before a contract may be corrected on account of a mistake, it must be a mutual mistake.

The lower court found no evidence of mutual mistake, and therefore there was nothing to submit to the jury on this point. He found that the law does not allow partners to charge for their services without an agreement, and as no such agreement was found in the written

contract the court decided that the salaries could not be deducted from the expenses, and as that left nothing for the determination of the jury the peremptory instruction to find for appellees was properly given.

Judgment affirmed.