## Feltner v. Colwell.

June 4, 1943.

582

Ward & Ward and H. C. Johnson for appellant.

Jesse Morgan for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

Appellee obtained judgment in an action for debt against appellant upon which execution issued and was levied by the sheriff on a tract of land owned by appellant in Perry County, which consisted of two contiguous parcels, upon only one of which appellant's residence and outbuildings were located, and in which he and his family resided at the time of the levy. At the sale made by the sheriff under the levy only one parcel was sold and appellee became the purchaser at less than two-thirds of the appraised value of that parcel.

The sheriff reported his actions under the execution and sale made by him, followed by the filing of a paper by appellant styled "Exceptions to Report of Sale." In it he attacked the sale for these reasons: (1) Failure of the sheriff to advertise the sale as required by law; (2) failure to appraise the land sold; (3) that appellant was a housekeeper with a family living on one parcel of the entire tract and he was entitled to a homestead right of the value of $1,000, and (4) that the sheriff did not attempt to appraise or sell the other tract upon which was located appellant's residence.

Appellant filed with such exceptions (as he denominated his complaint) his own affidavits, in which he attempted to support the grounds of his objection to the

sale, and in which he set out that he was residing on the unsold parcel of the entire tract with his wife and child; that he never discovered any posted advertisements in the vicinity of the land, nor at the door of the courthouse for the county. Appellee filed in response thereto the affidavit of the deputy sheriff who levied the execution and made the sale, in which there was a flat contradiction of appellant's affidavit with reference to the advertisement of the sale. Appellee also filed the affidavit of one of the appraisers who appraised the parcel sold by the sheriff 'and in which the affiant stated that he was well acquainted with the two parcels of land owned by appellant and that he and the other appraisers correctly valued the tract sold by the sheriff at $800, and that the other parcel upon which appellant resided was itself worth more than $1,000. The issues so contested were then submitted to the court and the objections and exceptions of appellant were overruled, from which he prosecutes this appeal.

Section 1710 of Baldwin's 1936 Revision of Carroll's Kentucky Statutes (426.320, KRS) prescribes the method of attacking a sale made under execution, which proceeding is designated in that statute as a "motion," and which must be made within one year from the date of sale and in the court from whence the execution issued, following a prior written notice given to the judgment creditor ten days in advance setting forth the grounds relied on for invalidating the sale. While the objections in this case to the sale were designated as "exceptions" —it nevertheless conforms in substance to the terms of the statute and will be treated as a "motion" as therein designated, although no prior notice was given; but that requisite notice was waived by appellee appearing and responding thereto. There are, therefore, presented but two questions for determination—there being no complaint, except as to the proper advertisements and appellant's right to a homestead in the land sold.

The only testimony on the issues was made and presented by affidavits, as we have shown, and the only ones filed in behalf of appellant were of his own making. To say the least of it, therefore, there was an issue as to whether the officer performed his duty in properly advertising the sale. The court by overruling appellant's objections thereto necessarily found that the officer had performed his duty in that respect. In addition thereto,

section 3760 of Carroll's Statutes (61.060, KRS) prescribes that, except in a direct proceeding against the sheriff or his sureties "no fact officially stated by an officer in respect of a matter about which he is by law required to make a statement, in writing, either in the form of a certificate, return or otherwise, shall be called in question, except upon the allegation of fraud in the party benefited thereby, or mistake on the part of the officer." None of the essentials therein required for a successful attack on the acts and doings of the sheriff in this case were either made or attempted to be proven in any manner. However, if, perchance, that statute is not applicable to the facts of this case (but which we think otherwise) then the determination of the contested issues were made by the court adversely to appellant upon testimony (of the character introduced) amply sufficient to support that determination.

Section 1702 of Carroll's Statutes (427.060, KRS) confers the homestead exemption from sale under execution to a bona fide housekeeper with a family who resides on the land sold of the value of $1,000; but in the same section, and as a part of it, the right of homestead is disallowed "if the debt or liability existed prior to the purchase of the land, or of the erection of the improvements thereon." Therefore, the homestead right does not prevail to the extent of purchase money paid after the creation of the debt sought to be collected. Such exemptions against the right of homestead are, as we have seen, a part of the same section conferring that right, and under a familiar rule of pleading it was incumbent upon appellant in this case, in asserting his right of homestead, to negative them, and which question was expressly so determined by this court in the case of Marshall v. Tully, 193 Ky. 246, 235 S. W. 726, in which other supporting ones are cited. Also, in that opinion we recognized that in the prior cases of Nichols v. Sennitt, 78 Ky. 630, 1 Ky. Law Rep. 397; Snapp v. Snapp, 87 Ky. 554, 9 S. W. 705; Morehead v. Morehead, 25 S. W. 750, 16 Ky. Law Rep. 34; and Robertson v. Robertson, 20 S. W. 543, 14 Ky. Law Rep. 505, a contrary rule of practice was enunciated, but, as the Marshall opinion points out, those cases were rendered when the exemption to the benefit of the homestead right, as hereinbefore outlined, was contained in a separate and distinct section of the statute conferring such right, in which circumstances the exception or exemption need not be negatived

by the one asserting the right. However, our homestead statute was amended in 1893, and both the right, and the exemptions thereto, were put into one section which is the present one supra. Therefore, in conformity with the well established rule of pleading we held in the Morehead opinion that since the amendment in 1893 the claimant to a homestead should negative the exemption contained therein. That was not done in this case by appellant, and for aught that the record shows the debt of appellee may have been created before appellant acquired the land in which he is claiming homestead rights, or he may have paid a part of the consideration for the land after the creation of appellee's debt, or he may have made improvements upon the land claimed as a homestead after the creation of appellee's debt. As will be seen appellant has the right to redeem the parcel of land that was sold by the sheriff, since it did not bring at the sale two-thirds of its appraised value.

For the reasons stated, the judgment is affirmed.