## Moore v. Sanders

March 10, 1944.

E. J. Picklesimer for appellant.

P. B. Stratton and P. K. Damron for appellee.

OPINION OF THE COURT BY JUDGE TILFORD—Affirming.

This is an appeal from a judgment in an ejectment action entered upon a directed verdict to find for the appellee. Appellant had acquired title to the property in question by three separate conveyances from the same grantor during the years 1919 and 1921. On one of the parcels conveyed he had erected a dwelling house; and on August 2, 1927, the entire boundary embraced within the three deeds, appraised at $2,000, was sold by the sheriff for $506.86 in satisfaction of a judgment in favor of one Ralph Childers for $350 and costs, with interest from November 18, 1922. The property, located in the town of Hellier, was purchased by the Bank of Hellier which assigned its bid to the appellee, Eliza Sanders, to whom the property was conveyed by the Sheriff on August 4, 1927. Appellant made no attempt to redeem the property, although his family continued to occupy it until some time during the year 1935, when they moved to Pikeville. Thereupon, appellee and her husband took possession of the property, and on July 13, 1940, appellant instituted this action in ejectment, ignoring the Sheriff's deed and basing his title upon the conveyances made to him in 1919 and 1921. By answer and counterclaim appellee denied appellant's title and pleaded affirmatively that she owned the property by virtue of the Sheriff's deed above referred to. In a final paragraph she pleaded the proceedings in a forcible detainer action, which defense was latter abandoned, and need not be further discussed. By his reply appellant denied all of the allegations of the answer and counterclaim, and alleged facts showing that no final judgment had been entered in the forcible detainer proceedings. Subsequently an order was entered traversing the affirmative allegations in all pleadings not otherwise traversed.

Although not presented by his pleading, appellant's defenses urged at the trial and on this appeal are that

(1) The description in the Sheriff's deed did not cover the individual lots in controversy; and

(2) The execution sale and the Sheriff's deed were void because of the Sheriff's failure to set apart to appellant a homestead in the property as required by KS 1703 (KRS 427.080).

## I.

As described in the levy and Sheriff's deed, the property sold was:

"A certain tract or parcel of land situated on the C. & O. Hollow opposite the C. & O. Depot Hellier, Kentucky, bounded on the east by Newburn Bartley land, on the west by W. D. Sanders, on the north by Fred Browning and on the south by Martha Johnson, for further reference see Deed Book 100 page 46 Pike County Court Clerk's Office, from J. L. Morgan and wife to S. M. Moore, dated July 31, 1919."

In the several deeds by which appellant acquired title to the separate tracts, the lots embraced therein, are described by courses and distances, and the hollow referred to is denominated "Cobb's Hollow." Appellant also lays particular stress upon the fact that the Sheriff's deed refers to only one source of title, namely, the deed from J. L. Morgan and wife dated July 31, 1919, whereas, the boundary was acquired by three separate deeds. But the testimony showed that there was only one hollow in the vicinity, namely, that opposite the C. & O. Depot; that appellant's tracts, all of which adjoin, were bounded as described in the levy and Sheriff's deed; and that appellant owned no other real estate in Pike County. Furthermore, he admitted on the stand that the description in the Sheriff's deed correctly described his property, and under these circumstances, we agree with the trial judge that the Sheriff's levy and sale clearly embraced all of the land involved in the litigation.

## II.

Whether or not appellant was entitled to a homestead exemption in the property sold under execution, it is not necessary to decide. For the purposes of this case it may be conceeded that he was, and that the Sheriff violated KS 1703 (KRS 427.080) in not setting it apart to him. The crucial question is, whether having failed, by motion, pleading, or otherwise, to assert his

right until after the proceeds of sale had been distributed and until after the expiration of the year in which he might have redeemed the property because it sold for less than two-thirds of its appraised value he can now be permitted to do so. Clearly, by the provisions of KS 1710 (KRS 426.320) if the sale under execution was procured by "fraud, covin or collusion," he would have had to attack it, either by a motion made within one year from the date of the sale, or by a petition in equity. See Feltner v. Colwell, 294 Ky. 581, 172 S. W. (2d) 219, in which one of the grounds of attack was that the execution debtor was entitled to a homestead in the property sold under execution. However, since the record in the case before us contains no charge of fraud or collusion, we are not prepared to say that the statute last cited fixed either the period of time in which, or the method by which, appellant's homestead right might have been asserted. Neither are we afforded much help by the previous opinions of this court on the subject of homesteads, unless we are to construe their statements that the right may be asserted at any time prior to the entry of a final order distributing the proceeds of sale, as rulings that the right may not thereafter be asserted. First National Bank of Scottsville et al. v. Duncan, 210 Ky. 777, 276 S. W. 848; Pinson v. Murphy, 220 Ky. 464, 295 S. W. 442.

We are of the opinion, considering all of the factors involved, including the rights of innocent purchasers, that the indicated construction is the proper one. It, of course, has no application where the property is purchased by and remains in the possession of the execution creditor who has merely exchanged the debt due him for the debtor's land and can be restored to the position occupied by him prior to the sale. Where it is charged and shown that the exempt property was sold as a result of fraud, covin, or collusion, and the property has not passed into the hands of a purchaser for value without notice, the remedies and limitations prescribed by KS 1710 (KRS 426.320) control. Moreover, it is apparent from all the authorities that if the right of homestead is asserted after, instead of before the sale, it must be asserted by pleading, motion, or affidavit negativing the statutory exceptions to the right of homestead. Feltner v. Colwell, supra. Measured by these requirements, it is obvious that having, with knowledge of the sale, stood by for approximately fourteen years without asserting

his alleged right to a homestead exemption in the property sold, appellant cannot now raise the question in avoidance of the Sheriff's deed.

Appellant argues that the execution sale and Sheriff's deed made pursuant thereto were absolutely void, and hence, subject to attack without pleading, regardless of the lapse of time. But with this we cannot agree. While in some of our opinions it has been loosely said that a sale held without a compliance with KS 1703 (KRS 427.080) was void, the vast majority of our decisions clearly show that a forced sale of property in which an unasserted right to a homestead exemption exists, is merely erroneous. To hold otherwise, and to permit such rights to be asserted without limitation would jeopardize the titles to vast numbers of properties so acquired.

While we have not rested our decision wholly on the doctrine of estoppel, it was well said by the Circuit Judge in sustaining appellee's motion for a directed verdict at the conclusion of all the testimony:

"At this sale the property offered for sale was bought first by the Bank of Hellier, not a party to the litigation, and that bid was later assigned, according to this record to Eliza Sanders. Now, I think the plaintiff here had the right to assert a homestead interest in this property at that time, but I don't think he could wait until after the proceeds of this sale was paid in for this property and make no claim to homestead right for some years after the property was sold and then be heard to say after the parties who had invested their money in this property have parted with their money and it gotten out of their control, to pay a debt of the plaintiff, I don't think he could then be heard to say after all this transaction was concluded and deed made that he has a homestead and come in and ignore that."

Judgment affirmed.